UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80161-CR-BLOOM

UNITED STATES OF AMERICA,

v.

ARTHUR LEE HARMON,

        Defendant.
_____/

FILED BY _____ D.C.
AUG 17 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# REPORT AND RECOMMENDATION

## I. Background

The Defendant, ARTHUR LEE HARMON, appeared before the Court on August 17, 2017, for an initial hearing on the Superseding Petition for Offender under Supervision ("Petition") [DE 131]. Defendant was originally convicted in the Southern District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). On September 15, 2011, the Honorable Kenneth L. Ryskamp, Senior United States District Judge, sentenced Defendant to 24 months in prison followed by three years of supervised release. Defendant's term of supervised release commenced on November 30, 2012. The case was later re-assigned to the Honorable Beth Bloom, United States District Judge.

Defendant is now charged with the following violations of his supervised release in the Petition:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 21, 2013, in Palm Beach County, Florida, Defendant committed the offense of dealing in stolen property, contrary to

Florida Statute 812.091(1).

2. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 21, 2013, in Palm Beach County, Florida, Defendant committed the offense of grand theft over $20,000, contrary to Florida Statute 812.014(2)(B).

3. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 21, 2013, in Palm Beach County, Florida, Defendant committed the offense of burglary (structure), contrary to Florida Statute 810.01(1).

4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 13, 2014, in Palm Beach County, Florida, Defendant committed the offense of burglary, contrary to Florida Statute 810.02(4A).

5. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 13, 2014, in Palm Beach County, Florida, Defendant committed the offense of grand theft ($10,000 to $20,000), contrary to Florida Statute 812.014(2C3).

6. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 13, 2014, in Palm Beach County, Florida, Defendant committed the offense of grand theft (auto), contrary to Florida Statute 812.014(2C6).

7. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 13, 2014, in Palm Beach County,

Florida, Defendant committed the offense of grand theft (auto), contrary to Florida Statute 812.014(2C6).

8. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 13, 2014, in Palm Beach County, Florida, Defendant committed the offense of resisting an officer with violence, contrary to Florida Statute 843.01.

9. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about September 13, 2014, in Palm Beach County, Florida, Defendant committed the offense of resisting/obstructing an officer without violence, contrary to Florida Statute 843.02.

10. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about August 25, 2013, in Palm Beach County, Florida, Defendant committed the offense of burglary of an unoccupied dwelling unarmed forced, contrary to Florida Statute 810.02.

11. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. According to the Petition, on or about August 25, 2013, in Palm Beach County, Florida, Defendant committed the offense of grand theft of a motor vehicle, contrary to Florida Statute 812.014.

## II. Summary of Hearing

At the August 17, 2017 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing

and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a preliminary hearing to determine probable cause and waived his right to a final revocation hearing.

Defendant then admitted that, as to all 11 violations alleged in the Petition, the Government and U.S. Probation had sufficient evidence to establish by a preponderance of the evidence that the violations occurred. The Court finds that Defendant made these waivers and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations #1-11, and the Court's review of the Petition, U.S. Probation Memorandum, and the Presentence Investigation Report from the underlying case, which documents the Court takes judicial notice of, the Court finds by a preponderance of the evidence that Defendant committed allegations #1-11 as alleged in the Petition.

### III.   Recommendation

For the foregoing reasons, it is respectfully recommended that United States District Judge Beth Bloom find that Defendant has violated the terms and conditions of supervised release in allegations #1-11 in the Petition. It is further recommended that the matter be set down for sentencing on allegations #1-11 before the United States District Judge Beth Bloom.

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Beth Bloom within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of August, 2017.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE